UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MALKEET SINGH,

    Petitioner,

v.                                              No. 1:26-CV-396-H

TODD BLANCHE, et al.,

    Respondents.

## ORDER

Malkeet Singh entered the United States four years ago. Dkt. No. 1 at 1. Recently, ICE re-detained Singh and placed him in custody under 8 U.S.C. § 1226(a). *Id.* at 1–2.[1] His petition for a writ of habeas corpus alleges that ICE unlawfully re-detained him in violation of the INA, its implementing regulations, and the Fifth Amendment's Due Process Clause.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered numerous other habeas petitions challenging the lawfulness of an alien's arrest. *See, e.g., Saint Paul v. Venturella*, No. 6:26-CV-129, Dkt. No. 19 at 7–8 (N.D. Tex. July 28,

---

[1] Singh's petition describes arriving in the United States and immediately filing an application for asylum. Dkt. No. 1 ¶ 37. That is more consistent with aliens who are granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) and otherwise subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026). Whether Singh is detained under Section 1225 or Section 1226, however, has no bearing on the resolution of his petition.

2026); *Hong v. Mullin*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 16 at 4 (N.D. Tex July 29, 2026). In each case, the Court held that the purported unlawfulness of the arrest did not warrant the alien's release. After all, "habeas has traditionally been a means to secure release from unlawful detention," whereas, in claims challenging unlawful seizure, the "suppression of evidence is the typical remedy." *Saint Paul*, Dkt. No. 19 at 7 (quoting *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026) (citation modified)). As for Singh's due-process claim, it is subject to the exhaustion requirement of 8 U.S.C. § 1252(a)(2)(D), which places review of an immigration-court judgment on constitutional claims before the Fifth Circuit, rather than this Court. *See id.* at 8 (citing *Lopez Ruiz v. Olson*, No. 4:26-CV-051, 2026 WL 483478, at *12–13 (W.D. Ky. Feb. 20, 2026) (collecting cases)).

Because it appears from the face of the petition that Singh is not entitled to relief, the petition (Dkt. No. 1) is denied with prejudice as to his INA and regulatory claims and without prejudice as to the due-process claim for failure to exhaust. Counsel's motion to waive the local counsel requirements (Dkt. No. 3) is denied as moot.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on August /4, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 2 –